## J. W. Drennan v. The State.

### No. 4329.  Decided March 20, 1908.

**1.—Assault to Murder—Conflict of Testimony—Question of Fact.**

Where upon trial for assault with intent to murder the evidence showed on part of the State that during an altercation between the assaulted party and another, the defendant ran up and stabbed the assaulted party; and the theory of the defense was that defendant did not do the stabbing, the issue was one of fact, and the conviction will not be disturbed.

**2.—Same—Evidence—Bill of Exceptions.**

Where a bill of exceptions to testimony offered by the defense is accepted by the defendant as qualified by the court, and the same presents no injurious matter to the rights of the defendant, no issue is raised thereby.

**3.—Same—Evidence—Impeaching Witness.**

Where a person has not been introduced by the State as a witness, a witness by the defendant could not be examined as to statements made by said person to said defendant's witness; and where the object and purpose of such testimony was not set out in the bill of exceptions it could not be considered on appeal.

**4.—Same—Evidence—Bill of Exceptions.**

Upon trial for assault with intent to murder, where defendant offered to prove that the prosecutor asked him to swear that defendant had cut him because said prosecutor's employer said so, etc., and the object and purpose of such testimony is not set forth in the bill of exceptions, and the court qualifies the same that no such transaction took place on the trial of the case, and the bill is thus accepted by the defendant, no issue is raised on appeal.

**5.—Same—Argument of Counsel—Bill of Exceptions.**

Where defendant objected to the argument of counsel because the State's counsel told the jury that he could prove the seriousness of the wound of the assaulted party by a certain absent witness, etc., and the bill of exceptions as signed by the court showed that the district attorney did not use such language, no issue was raised on appeal.

**6.—Same—Impeachment—Newly Discovered Evidence—Motion for a New Trial —Bill of Exceptions.**

A bill of exceptions reserved to the order of the court overruling a motion for new trial does not verify or add any strength to anything contained in the motion; and such motion will not be granted on the ground that newly discovered testimony is impeaching in its character.

**7.—Same—Motion for New Trial—Attack Upon Verdict.**

Upon appeal from a conviction of assault with intent to murder, a motion for new trial which set out that some of the jurors who tried appellant stated that if certain testimony of an impeaching character and alleged to be newly discovered had been before them, they would not have been in favor of sending appellant to the penitentiary, cannot be considered on appeal to attack the verdict.

**8.—Same—Bill of Exceptions by Bystanders.**

Where upon appeal from a conviction from an assault with intent to murder the record showed that the appellant accepted the bills of exception reserved to the evidence offered by appellant and rejected by the court, as qualified by the court, he could not controvert the same by bills proved by bystanders; besides the rejected testimony affecting a person not introduced by either party would not constitute reversible error.

**9.—Same—Bills of Exception—Practice on Appeal.**

Upon an appeal from a conviction of assault with intent to murder, the

appellant's counsel will not be permitted to attack bills of exception in the record which appear therein to have been accepted by him, by an affidavit that he did not see these bills as presented to the trial judge and the State's counsel until after they were filed by the clerk under a twenty-day order; and affidavits attacking the failure to procure statements of facts and bills of exception to be filed are confined to the question of diligence in securing their approval and having them filed, and more than ordinary diligence must be shown.

Appeal from the District Court of Delta.    Tried below before the Hon. R. L. Porter.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Aubrey T. Stell,* for appellant.—On question of argument of counsel: Green v. State, 17 Texas Crim. App., 395; Clark v. State, 23 Texas Crim. App., 260; Tillery v. State, 24 Texas Crim. App., 251: On question of impeaching witness: Exon v. State, 33 Texas Crim. Rep., 461.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to murder. Along about the 27th day of December, 1906, there was an entertainment at the house of Allen Lane for the benefit of children. Appellant and a lot of others with him in a wagon, uninvited, went to the place. Tom Carlisle and another party finally got into trouble in the yard. The alleged injured party, Lane, who owned the premises went out and insisted they stop it. They stated that they were not fighting but only playing and in a scuffle. Stanley interfered in the matter and the altercation brought on a fight between Lane and Stanley. While this fight was in progress, appellant, under the State's theory, ran up behind Allen Lane and stabbed him in the back—rather a serious cut. Appellant denied and sought to prove that he did not do the stabbing. Without going further into the testimony, it is sufficient to state that there was an issue sharply drawn and with more or less strength presented from either standpoint. If the State's theory supported by its testimony is correct, the jury were right in their verdict. Having a right to settle that question, this court will not interfere. This is not a case where there was a failure of testimony, but a conflict.

It is stated in bill of exceptions No. 1 that the defendant offered to prove by the State's witness, Lane, the assaulted party, that he lived on the farm of W. F. Ross near Pecan Gap, and that Ross had at different times told this witness to swear to anything that would convict defendant, and further that Ross was furnishing witness provisions for the coming year, and had done so for the past two years; that said witness Lane had approached Gus Morris, Sr., at different times and told him that he had better swear against the defendant herein because Mr. Ross said so. Objection was urged by the district attorney .

and sustained by the court. This bill is signed by the court with the following statement: "Refused. Because bill of exceptions is not true, the witness Allen Lane was asked the question stated in the above bill, and over the State's objection answered the same 'No.'" This bill was accepted by the appellant and filed and is incorporated in the record. From this qualification and statement of the judge, it is made to appear that the witness answered in the negative. As presented there is no reason why this bill should be considered as in anyway presenting injurious matter.

The next bill recites that appellant offered to prove by Gus Morris, Sr., a State's witness, that he lived on W. F. Ross' farm, and that Ross at different times approached him and demanded that he swear that he saw defendant on the night of the difficulty, stab or cut Allen Lane, after said Morris had informed said Ross that he did not see appellant or any one else do the cutting. This was objected to by the district attorney and the testimony rejected. What the object and purpose of this testimony was is not stated, nor shown in the bill. This would therefore render the bill insufficient. We do not understand how the statements or acts of W. F. Ross could have entered into the examination of the witness, Morris, for nowhere in the record is Ross shown to have testified, or been connected· with the case.

Another bill is reserved, in which it is stated, that defendant offered to prove by the same witness that the prosecutor, Lane, came to him, and said, "You had better swear that 'Shack' Drennan cut me that night of the difficulty, because Mr. Ross said so," and that the said Allen Lane, the injured party, had at different times come to him, Gus Morris, Sr., and tried to get him to swear against the defendant by telling him that Mr. Ross said for him to swear to anything to convict the defendant. The object and purpose of this testimony is not shown or stated. The bill, however, is signed by the court with the statement that the bill is not correct, and that no such transaction took place on the trial of the case. This bill was accepted with this qualification and statement, and filed as a part of the record. As the matter is presented, we cannot consider the bill, and under the statement of the court, even if the bill was perfect there is nothing for the court to decide.

Another bill is incorporated in the record which states that the district attorney remarked in his argument, "Dr. Childs, who attended Allen Lane is not here this morning, and I did not feel like holding you gentlemen here waiting on another witness, so I can not show to you the seriousness of the wound, but if the Doctor were here I could show to you that the defendant meant to take life by the wound inflicted." This bill is signed by the court with the statement, that the district attorney did not make use of any such language. With this statement to the bill it can not be considered as presenting the question.

There was a bill of exceptions reserved to the court's overruling the motion for a new trial which does not in any way verify any statement

in said motion. An objection or exception reserved to the order of the court overruling motion for new trial does not verify or add any strength to anything contained in the motion. In the motion for new trial it is alleged that there was newly discovered evidence, and it is to the effect that Gus Morris, Sr. and Gus Morris, Jr. would, if permitted, upon a new trial state matters that were impeaching in their nature in that certain witnesses made statements out of court contradictory of those made on the trial. It is unnecessary to consider this matter. A motion for new trial will not be granted on the ground that newly discovered testimony is impeaching.

Bill of exceptions No. 6 recites that after the jury had rendered a verdict, the defendant filed his amended motion for new trial, with the attached affidavits of Alexander, Hooten, Craig and Jones, who were jurors who tried the case, as well as the statement of Moore, W. E. Hooten and Frazier, who were also jurors in the case, that if the testimony of Morris, Sr. and Morris, Jr. as above stated, had been before them, they would not have been in favor of sending appellant to the penitentiary. This character of attack upon the verdict of the jury by jurors is not permissible. What a juror might or might not have done, under certain supposable circumstances, or had certain evidence been before him, and matters of that sort can not be considered upon a motion for a new trial for the purpose of attacking the verdict rendered.

Appellant undertook to file two bills of exception, Nos. 3 and 4, by bystanders, presenting or attempting to present the matters set forth in the bills signed by the court and already alluded to in the previous portion of this opinion. These two bills, we suppose, were undertaken to be put in the record as bills proven by bystanders. They do not comply with the law, in the first place; and in the next place, having accepted and filed the bills of exception given by the court, we are of opinion that appellant could not attack said bills. One of the bills presented, is hardly considered as even controverting or contradicting one of the bills filed. The bystanders say that something of the sort occurred, but do not state what it was that occurred. Even if it had occurred, stated as strongly as contended by appellant, it would not have been reversible error for it refers to the matter set out with reference to the court refusing to permit appellant to ask some of the witnesses as to what W. F. Ross had said. Ross was not a witness in the case, and so far as the record is concerned, had nothing to do with it, otherwise than indirectly made to appear that he was the landlord of Allen Lane and some of the other witnesses. There is a conflict in the evidence, but the jury settled this question against appellant, and we see no reason why their finding should be disturbed.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

April 29, 1908.

DAVIDSON, PRESIDING JUDGE.—At the recent Dallas Term the judgment herein was affirmed, and the case is now before us on motion for rehearing.

The main criticism of appellant directed against the opinion is that in regard to some of the bills of exception the opinion states that appellant accepted the bills with the qualifications attached to them by the judge in approving said bills. His contention is that this statement in the opinion is incorrect, and files a statement of the clerk of the District Court of Delta County to the effect that Judge Porter sent him through the mail from Sulphur Springs the statement of facts and bills of exception, these matters having been prepared under an order of twenty days allowed for that purpose after the adjournment of court. The attorney for appellant also signs a statement to the effect that he prepared the statement of facts and bills of exception, and presented them to Judge Porter, the trial judge, for approval and consideration of the district attorney. That both officers were in Sulphur Springs holding court at the time, and that appellant's attorney did not see the bills of exception, and in his affidavit makes this further statement: "That affiant did not see bills of exception as presented to the judge and attorney until after they were filed by the district clerk on the 12th of February." We are of opinion that this character of attack cannot be made upon the record. As we understand the different statutes of our Legislautre, with reference to the extension of time in which to prepare and file statements of fact and bills of exception, more than ordinary diligence is imposed upon parties seeking to have such documents filed after adjournment of court, and the affidavits attacking the failure to procure such papers filed for consideration on appeal only refers to the question of diligence in securing their approval and having them filed, and that it is the duty of parties seeking to have such papers filed to use more than ordinary diligence. These papers were filed within the time. It is made to appear by affidavit of counsel that he prepared these documents and presented same to the district judge for his consideration as well as that of the district attorney, and, so far as his affidavit is concerned, he paid no further attention to them, and from the standpoint of his affidavits he relied upon the district judge for further attention to the papers and their disposition. The papers were filed within time, and, it seems, sent direct by the judge to the district clerk and not to the attorney of appellant, nor to appellant himself. Having obtained the order, it was incumbent upon appellant to see that the papers were filed as he desired them to be filed, and in the condition he desired them to be filed within the time allowed, and if they were not, and he had used proper diligence, the judgment might be reversed in order that he might have the benefit on appeal of such papers so that his case might be properly disposed of. We are still of opinion

that by reason of the fact that appellant and his attorney failed to look after his bills of exception, and permitted them to be filed and incorporated in the record and sent to this court on appeal without any further notice from him, that it was an acceptance of the bills so prepared by the court. As this seems to be the matter presented as the reason why a rehearing should be granted, we are of opinion there is no reason shown why the affirmance should be set aside.

The motion for rehearing is, therefore, overruled.

*Overruled.*

Brooks, Judge, absent.