W. H. MURRY, SR., v. THE STATE.

No. 20263. Delivered May 3, 1939.
Rehearing Denied June 21, 1939.

The opinion states the case.

*Gilbert Adams,* of Beaumont, *E. A. Lindsey* and *W. E. Gray,* both of Newton, and *Howth, Adams & Hart,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is forgery; the punishment, confinement in the penitentiary for two years.

The instrument alleged to be forged by endorsement is set out in the indictment, as follows:

"STATE OF TEXAS                    No. 5886
"The Treasurer of the County of Newton
  "Payable to the First National Bank
    "Newton, Texas.
                              order
"Pay to L. A. Midkiff, or bearer the sum of Ten and No/100 DOLLARS $10.00 out of the 2nd Class Fund, being the amount allowed by the Commissioners Court of said County at its June Term, 1938, for Labor.

"Minute Book_____ Page_____ WITNESS my hand and seal of said Court at Newton, Texas, this 13 day of June, 1938

"By_____        Curtis Humphreys (SEAL)
        "Deputy                        County Clerk.

"Approved:
"6-13-38
"W. P. W.
"No. 832 Second Class Registered the 13 day of June 1938
"Ward Westbrook
"County Treasurer."

It was the State's theory, given support in the evidence, that appellant altered said instrument by endorsing thereon the name of the payee, L. A. Midkiff.

Appellant made a motion to quash the indictment on the ground that there were no averments therein showing the authority, if any, of Curtis Humphreys to act as county clerk, and, as such, to issue the check against the funds of the county, the contention being that there should have been a specific allegation that in the issuance of said check the county clerk acted in the performance of his duties under the law. A similar contention was considered by this court in Fry v. State, 78 Tex. Cr. R. 435. There the check showed on its face that it had been issued by I. B. Padgett, county treasurer, the evidence showing that the forgery consisted in endorsing thereon the name of the payee. In reaching the conclusion that the indictment was sufficient in the absence of an averment that the treasurer acted in the performance of his duties under the law when he issued the check, the court said: "Appellant was not charged with forging the name of Padgett, but forging the name of J. M. Watson (referring to the payee) by endorsing his name on the check. If the check on its face purported to be a check issued by Padgett, county treasurer, on the Graham National Bank, as it did, if there were extrinsic matters not appearing on the face of the check that would render it invalid, this would render it none the less forgery for appellant to endorse the name of J. M. Watson on the check. If Watson had in fact received the check and endorsed it over to a third person, he would certainly be liable to such person, for the check on its face purported to be a valid check for the amount named. We do not care to take up and review the authorities again, as we did so quite exhaustively in the case of Dreeben v. State, 71 Texas Crim. Rep. 341."

It is observed that the indictment herein alleged that Curtis Humphreys was county clerk of Newton County and that Ward Westbrook was county treasurer of said county.

It is appellant's next contention that he could not be guilty of forgery for the reason that the warrant was payable to bearer and that therefore it was not necessary that it be en-

dorsed in order to cash it. It is observed that it is payable to order L. A. Midkiff or bearer. We think it is manifest that the warrant, on its face, shows the necessity of an endorsement of the name of the payee thereon in order that same might be cashed. Be that as it may, we are of opinion that appellant's action in endorsing the name Midkiff upon said warrant, if done with the intent to defraud and without lawful authority, would bring him within the purview of the denouncement of the statute defining forgery.

Appellant filed an application for a change of venue based upon prejudice and a combination against him instigated by influential citizens residing in the county. He introduced approximately fourteen witnesses, who entertained the view that there existed in Newton County so great a prejudice against him that he could not obtain a fair and impartial trial. The State introduced twelve witnesses who expressed a different opinion. Thus it is seen that the testimony adduced upon the motion presented conflicting theories. It is the rule that, if conflicting theories as to prejudice arise from the evidence, the trial court has the discretion of adopting either theory, it being his duty to weigh the evidence. A judgment denying the application will not be disturbed on appeal unless it be made to appear that the trial court abused its discretion. See Davis v. State, 28 S. W. (2d) 794. We are unable to reach the conclusion that the record reflects an abuse of the discretion vested in the trial court.

Appellant brings forward several bystanders' bills of exception relative to remarks made by the district attorney in the course of his argument to the jury. It appears that on the subjects embraced in the bystanders' bills appellant presented to the trial court numerous bills of exception, which, as qualified by the court, failed to show error. Appellant undertook to except to the qualification but failed to have the trial court authenticate his exceptions. We quote from 4 Tex. Jur., 280, as follows: "A mere notation by counsel on the bill, following the judge's signature, stating that the qualifications were objected or excepted to, or that the defendant refuses to accept them because the facts therein stated are incorrect, * * * is insufficient." Again, we quote from the same text: "If the appellate court is not to be bound by qualification of a bill, objections or exceptions thereto must be authenticated by the trial judge." Appellant is in the attitude of having accepted and filed the bills of exception as qualified by the court. Hence

his bystanders' bills were not permissible. See Drennan v. State, 109 S. W. 1090.

The court's charge appears to have adequately presented the issues raised by the evidence.

We are unable to agree with appellant's contention that the evidence is insufficient to support the conviction. The county clerk testified that the warrant had been regularly issued by him, pursuant to an order of the commissioners' court. The treasurer testified that he had registered said warrant. The payee, L. A. Midkiff, testified that he had never seen the warrant; that he had not worked on the county roads in the month of June, 1938; that he had not delivered the warrant to appellant and authorized him to endorse his name thereon. Appellant's counsel, in open court, admitted that appellant had endorsed the name of Midkiff on the warrant. Appellant did not testify, but introduced witnesses whose testimony was to the effect that they heard Midkiff tell appellant to endorse his (Midkiff's) name on said warrant. It is true that upon cross-examination Midkiff testified that he had delivered warrants to appellant without endorsing them, and if appellant had endorsed his name thereon and given him credit for the amount that it would have been all right with him. He gave this testimony in connection with his statement that he had traded with appellant for several years and often owed him money. He affirmed, however, that he had not delivered the warrant in question to appellant, as it had never been in his possession. Further, he testified that he had received no credit on his account after appellant had cashed the warrant, and had received no part of the proceeds of such warrant. In short, it was his testimony that he had not authorized appellant to endorse his name. We are constrained to hold that the evidence was sufficient.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, Judge.

Appellant insists that the evidence does not support the verdict and judgment. We discover in the testimony no sound basis for such contention. The issue was sharply drawn and

could not have been misunderstood by the jury. The State's position was that the warrant upon which appellant endorsed the name of L. A. Midkiff was improperly issued; that Midkiff never did the work for the County which the warrant purported to have been issued to pay; that Midkiff was not entitled to the warrant, had never received it and never saw it until after it had been cashed at the bank and returned to the County Treasurer with Midkiff's name endorsed on the back of it; that Midkiff did not endorse it and did not authorize appellant to endorse his (Midkiff's) name thereon. The foregoing facts were testified to by Midkiff. On the other hand appellant did not testify, but upon the trial admitted through his attorney that he (appellant) did endorse Midkiff's name on the warrant and then called two witnesses who testified that they heard Midkiff expressly authorize appellant to endorse Midkiff's name on the warrant, and saw appellant do so under said express authority. The jury accepted the State's testimony as true. We have no right to ignore their finding.

Appellant urges that the trial court should have instructed the jury that if appellant endorsed Midkiff's name on the warrant under the belief that he had Midkiff's permission and authority so to do, he would not be guilty of forgery though in fact he had no such authority. We think the evidence did not raise such an issue. Appellant did not testify to such belief on his part, but claimed through his witnesses express authority from Midkiff to endorse his name. On cross-examination Midkiff testified to the most friendly relations with appellant; that he had on previous occasions turned over to appellant warrants to be cashed by appellant and applied to his (Midkiff's) indebtedness to appellant; that if he (Midkiff) had ever turned over any warrants without endorsing them he had no recollection of it; he was then caused to say on further cross-examination if he had done so, and if appellant had endorsed his (Midkiff's) name on them and if he received credit for the amount of said warrants it would have been all right for appellant to have so endorsed them. But he continually asserted the facts to be that he never received the particular warrant here involved, had done no work entitling him to it, never delivered it to appellant, never authorized him to endorse it, and never saw it until it had been cashed with his name already written across the back of it.

The court instructed the jury as follows: "When a person making or altering an instrument in writing acts under authority which he has good reason to believe and actually does

believe to be sufficient he is not guilty of forgery though the authority be in fact insufficient and void."

Appellant excepted to said instruction as being the statement of an abstract proposition of law given no application in the charge, and that it should have been applied by giving in substance an instruction such as that discussed in the foregoing paragraph of this opinion.

We think the quoted excerpt from the charge cannot be regarded as an abstract statement of a legal proposition. It appears to us that the court made application of it in the next succeeding paragraph of his charge as follows: "If you should believe from the evidence that L. A. Midkiff gave the defendant W. H. Murry, Sr. his consent to sign his name to the warrant in question, or if you have a reasonable doubt thereof, you will find the defendant not guilty." Of course, it is impossible for us to know what was in the court's mind save as we gather it from the facts and the language employed by him in his instructions to the jury. He was dealing with a situation which the evidence presented as follows: Midkiff disclaimed ever having received the warrant or being entitled thereto, and if this were true he could not rightly collect the money which the warrant called for, yet appellant was claiming through his witnesses that Midkiff authorized appellant to endorse it. We draw the inference that the court may have thought the jury should be advised that if Midkiff gave his consent for appellant to place the endorsement on the warrant it would protect appellant against a forgery conviction even though Midkiff himself might have no legal right to cash the warrant.

Believing the proper disposition has been made of the case the motion for rehearing is overruled.