TOMMIE MARTIN V. THE STATE.

No. 23816. Delivered December 3, 1947.

No attorney of record on appeal for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the offense of conversion by bailee and sentenced to serve five years in the penitentiary.

The facts show a drunken condition of Johnson, the complaining witness, who seemed to have fallen asleep in his drunken slumber on a public road in Tom Green County. In the meantime, appellant, two men companions and a woman seemed to be touring that end of the state at nighttime, and they also were drinking, having consumed from eight to ten pints of whisky during their trip on the night of the alleged offense. The complaining witness, evidently recognizing his drunken condition, stopped his car on the roadside and soon fell asleep. When he awakened he found one, Joe Biggerstaff (appellant's companion) in the car. After some efforts on the part of appellant, Biggerstaff and Johnson, it was found that they could not start Johnson's car, at which time he offered appellant and Biggerstaff ten dollars to take him back to town, but upon examination of his pocket-book, Johnson found no money therein. Appellant then told him to "give me that watch as security", whereupon Johnson took his watch off and handed same to Biggerstaff. Just as Johnson started to get in appellant's car, the appellant, who was at the steering wheel, kicked Johnson from the car. The other parties then got in the car and took off up the road, leaving Johnson standing by his car on the roadside. Appellant or his companions took Johnson's car keys,

some blankets, some tools and a tire from the car, as well as the watch. The tire was later sold by appellant, and some days thereafter while together, appellant and Biggerstaff were arrested and Johnson's wrist watch was found in their car. The watch was shown to be worth about $65.00.

It appears from the evidence that Johnson gave his watch to these two men as security for the payment of ten dollars to be made to them provided they would take him back to town in the automobile which appellant was driving; that upon payment of this amount the watch was to be returned to Johnson. Upon obtaining possession of the watch, appellant kicked Johnson out of the automobile and they drove away, leaving him standing by the roadside; that a few days thereafter, appellant and Biggerstaff being still together, the watch was found in their possession. We think these facts established the offense of theft by conversion by bailee of the watch of Johnson.

In Bill of Exception No. 1 complaint is made on account of the fact that upon ascertaining that only 23 jurors of the regular panel were present, appellant demanded a full panel of 36 jurors before the selection of a jury. Thereupon the trial court agreed to increase the jury panel, and upon appellant's refusal to waive the use of the jury wheel, the court directed the sheriff to bring the jury wheel into open court. The sheriff and clerk then proceeded, in the presence of the court, to draw therefrom the names of 40 talesmen, and same were added to the regular jury panel first presented. To all of which procedure appellant objected and excepted. This bill shows upon its face that the jury which sat in this cause were all drawn from the regular panel of 23 jurors first presented and that none of the talesmen were reached in the selection of the trial jury. We think the bill itself evidences the fact that appellant could not have suffered any injury by this procedure.

It seems that Joe Biggerstaff, appellant's companion in the alleged offense, was put upon his trial prior to this cause and received a verdict of guilt with his sentence suspended. In Bill of Exception No. 2 appellant desired to prove such fact before the jury which the trial court refused to allow him to do. We think the court was correct in his ruling. In the case of Bacon v. State, 147 Tex. Cr. R. 605, 183 S. W. (2d) 177, we held as follows:

"It is well established as a general rule that upon the trial of one charged with crime it is not permissible to show that another jointly or separately indicted for the same offense has

been convicted or acquitted," (citing numerous cases.)

It appeared in the trial, while appellant was on the stand, that he had been previously convicted of a felony and served a term in the prison therefor. This testimony was given by appellant on cross examination, and on re-direct examination, he was asked the following by his own counsel:

"Tell the circumstances of that conviction."

Whereupon State's counsel objected and the objection was sustained. Bill of Exception No. 3 complains of such ruling by the trial court. This bill is defective in that nowhere therein is it shown what the testimony of the appellant would have been had he been allowed to "tell the circumstances of that conviction". This is practically an elementary proposition, and there being naught in the bill to show what such testimony would have been, we find no error evident therein.

The judgment of the trial court will be affirmed.