## ARTHUR KING V. STATE.

No. 24375. May 4, 1949.
Rehearing Denied June 1, 1949.

Irwin & Irwin, Dean Gauldin and Robert C. Benavides, Dallas, for appellant.

Will R. Wilson, Jr., Criminal District Attorney, George P. Blackburn, First Assistant District Attorney, W. Hugh Lyerly, Assistant District Attorney, Dallas, and Ernest S. Goens, State's Attorney, Austin, for the State.

KRUEGER, Judge.

The offense is an assault with intent to murder. The punishment assessed is confinement in the state penitentiary for a term of three years.

Appellant's chief contention is that the evidence is insufficient to justify and sustain his conviction for the following reasons: (a) because the state introduced no evidence that the knife with which the wound was inflicted was a deadly weapon by the manner in which it was used, and (b), because the evidence fails to show beyond a reasonable doubt that the wound inflicted was of such nature as likely to produce death. Therefore, the finding of the jury on either or both legal requirements is not supported by any evidence.

The record reflects that late in the afternoon of August 13, 1948, a number of parties were engaged in a game with dice commonly called craps. After the game had been in progress for some time, a Negro by the name of J. B. Jones had won nearly all of the money of those engaged in the game. Appellant, one of the losers, claimed that Jones had used loaded dice and demanded his money back. Jones denied the charge and declined to return to appellant the amount of money he had lost. Appellant threatened him with a pocket knife, the blade of which was 2 3/8 inches in length, whereupon, Jones fled and appellant pursued him with the open knife in hand. In the course of his flight, Jones stumbled and fell in the street. The injured

party, who was driving along the street, stopped to prevent running over Jones, who hurriedly arose, ran around to the right side of the car, entered it, and requested the owner to drive away since appellant had threatened to kill him, Jones. Appellant jumped on the running board of the car on the left side and requested the owner and driver of the car to stop, telling him that Jones had robbed him with crooked dice in a dice game. The owner of the car declined ot stop, whereupon, appellant stabbed him with the knife in question.

The attending physician described the size and extent of the wound and its location near a main artery, in substance, as follows: The knife wound was about one inch below clavical. It penetrated into the body about an inch and a half and about an inch from a main artery of the body. If the artery had been cut, it is very likely it would have been fatal. The knife had definitely been stabbed in. It was a solid blow. The wound extended into the lung cavity and caused partial collapse of the lung. If the wound had been two inches higher, it would have been fatal.

Whether or not the knife with which the wound was inflicted was a deadly weapon from the manner in which it was used, when considered in connection with the wound inflicted, was a question of fact to be determined by the jury, and the jury's finding under the facts of the case will not be disturbed by this court. We think the facts and circumstances proved on the trial of this case, as reflected by the record, are sufficient to sustain the jury's conclusion of his guilt. See Drennan v. State, 53 Tex. Cr. R. 311 (109 S. W. 1090); Franklin v. State, 37 Tex. Cr. R. 113 (38 S. W. 1016); Thomas v. State, 44 Tex. Cr. R. 344 (72 S. W. 178); and Walters v. State, 37 Tex. Cr. R. 388 (35 S. W. 652).

The court in his charge, to which no objections were interposed, instructed the jury on the law of an assault with intent to murder with and without malice, on aggravated and simple assault, and accidental stabbing.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant challenges the correctness of our·conclusion that the facts are sufficient to support the conviction, as against his contention that a specific intent to kill was not shown.

It may be said that the state testimony showed: appellant was pursuing Jones with a pocket knife; Jones fled into and fell in the street; the injured party, who was driving his car along the street, stopped the car in order not to run over Jones; Jones got into the car and asked the injured party to drive away; seeing that Jones was about to get away, appellant jumped on the car and ordered the injured party to stop the car, which the injured party refused to do—whereupon, appellant stabbed the injured party with the knife, inflicting a serious bodily injury.

While it is true that the knife used was not a deadly weapon per se and there is no testimony showing or tending to show the injured party was connected with or aware of the difficulty between Jones and the appellant, the fact remains that the injured party was, at the time furnishing the means by which Jones was escaping from the appellant and his refusal to obey the command of appellant that he stop the car was the cause of the attack upon him.

In Ammann v. State, 145 Tex. Cr. R. 34, 165 S. W. (2d) 744, the rule touching the sufficiency of the evidence to show an intent to kill is stated as follows:

"The specific intent to kill is an essential element of the offense of assault with intent to murder. Art. 1160, P. C., Vernon's Ann. P. C. art. 1160. Such intent may be inferred when the instrument used in committing the assault is a deadly weapon. If the weapon used is not deadly, the intent to kill on the part of the accused may be ascertained from and shown by the surrounding facts and circumstances. If it is possible that death might have been inflicted by the weapon used, and if the accused intended thereby to take life by the use made thereof, the offense of assault with intent to murder is complete, even though the instrument was not a deadly weapon. Branch's P. C., Sec. 1636; Franklin v. State, 37 Tex. Cr. R. 113, 38 S. W. 802, 1016; Basque v. State, 114 Tex. Cr. R. 602, 26 S. W. 2d 206; Rose v. State, 123 Tex. Cr. R. 261, 58 S. W. 2d 526."

Applying the instant facts to the rule stated, we remain convinced of the correctness of our original conclusion and that the facts are sufficient to warrant the jury's verdict.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.