Bedford **WASHINGTON**, Appellant,

v.

**The STATE of Texas**, Appellee.

No. 44066.

Court of Criminal Appeals of Texas.

July 28, 1971.

Rehearing Denied Oct. 26, 1971.

**410**

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle and James S. Moss, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault with intent to murder with malice; the punishment, fifteen (15) years.

The injured party, John Lemons, testified that someone who looked like the appellant walked up to him and said, "Say man, have you got a dime?" Lemons replied that he did not. At this point, the assailant hit Lemons in the face with his fist. Lemons testified:

"Then when he hit me, I turned around and I hit him back and then he said—he said that he was going to 'Stab this young m_____ f_____.' That's what he said, he come out with the knife and we started fighting with the knife and he

threw me up against the locker. The next thing I remember I had been stabbed and then he said—I can remember him saying, 'Does anybody want another piece of this knife.' I remember getting picked up by a stretcher."

Lemons testified that he was stabbed in the spine two times and that he was in the hospital nearly a month as a result of these wounds.

Dr. Martin L. Lazar testified that he treated the injured party. He found that the knife had "transgressed the bony canal that surrounds the spinal canal" and that it had also "transgressed the covering of the spinal cord itself." Dr. Lazar removed a portion of the knife, which had broken off in Lemons' back, from the area of the spine, and found that the tip of the blade was nearly four and one-half inches deep within Lemons' body. He stated that the two wounds indicated that the knife entered the back at an almost perpendicular angle. Finally, Dr. Lazar testified that this was a very serious injury and that the complications which might be expected from such a wound were paralysis or death.

Dwayne McIntosh corroborated Lemons' testimony and identified appellant as the assailant. McIntosh said that he saw appellant "stab" Lemons, but that he could not say whether or not the object in appellant's hand was a knife.

The intent to murder may be shown by the extent and nature of the injuries and by the manner in which the knife was used. We hold, as we did in Smith v. State, 167 Tex.Cr.R. 454, 320 S. W.2d 680, that:

"From the manner in which the knife was used, the jury was warranted in finding an intention to take life."

In his second ground of error, appellant urges this Court to hold that the failure of the trial court to submit a charge on the law of circumstantial evi-

dence was fundamental error. No objection to the charge or request for a charge on circumstantial evidence was presented to the trial court.

"In the absence of an objection, no error is reflected in the Court's failure to charge on the law of circumstantial evidence. Castanuela v. State, 171 Tex.Cr. R. 173, 346 S.W.2d 332." Hart v. State, Tex.Cr.App., 455 S.W.2d 237, 238.

Additionally, it appears that no charge on circumstantial evidence was required, as the main facts were proven by direct evidence. Clayton v. State, Tex.Cr.App., 465 S.W.2d 769.

Finding no reversible error, the judgment is affirmed.

ODOM, J., not participating.