Bobby Joe ABELS, Appellant,

v.

The STATE of Texas, Appellee.

No. 45572.

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

Rehearing Denied Feb. 21, 1973.

Schulz, Hanna & Burke, by Malcolm Schulz, Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is assault with intent to murder with malice; the punishment, ten (10) years.

Appellant's first ground of error is that the evidence is insufficient to sustain the verdict. The record reflects that on the night in question the injured party, Ozell Abels, appellant's wife, was seated in a private club in Abilene with a Kenneth Ballard. Appellant entered, accompanied by one Geraldine Gallaher, approached the injured party and stated, "I am going to cut your head off." Appellant then cut his wife across the throat with what he described as a "pocket knife" and chased her across the room, stabbing her a total of

15 times. Her injuries consisted of a ruptured kidney and an injured spleen which were surgically removed, and a punctured lung, stomach and intestines. Dr. Ferris, who treated the injured party, testified that the wounds were serious and the injured party would have died if she had not received prompt medical attention. The knife was not introduced in evidence. In addition to assault to murder with malice, the court charged on assault to murder without malice and aggravated assault.

A pocket knife is not, per se, a "deadly weapon". Barnes v. State, 172 Tex. Cr.R. 303, 356 S.W.2d 679. However, the intent to murder may be shown, as it was in the case at bar, by the manner in which the knife is used and the nature and extent of the injuries. Washington v. State, Tex.Cr. App., 471 S.W.2d 409; Smith v. State, 167 Tex.Cr.R. 454, 320 S.W.2d 680; Moseley v. State, 158 Tex.Cr.R. 623, 259 S.W.2d 225. Cf. Barnes v. State, supra. The evidence is sufficient to support the verdict.

Appellant's second and fourth grounds of error relate to argument. First, he contends the court erred in refusing to permit him to reply to the prosecutor's remark, that he opposed probation "in this type of case" by arguing that the prosecutor had agreed to probation in a murder case two weeks earlier. We note at first that any possible remarks which counsel sought to make would necessarily have been outside of the record and, therefore, per se, inadmissible. Clark v. State, 156 Tex.Cr. R. 526, 244 S.W.2d 218. We also observe that normally the outcome of another lawsuit is not admissible. Cf. Barton v. State, 172 Tex.Cr.R. 600, 361 S.W.2d 716. Martin v. State, 151 Tex.Cr.R. 212, 206 S.W.2d 254.

Appellant's second ground of error is overruled.

Appellant also complains of the following portion of the State's argument:

"State's attorney: He says, 'I have never before been convicted of a felony: ipso facto: I am eligible for probation and you folks give it to me. Slap my hands. I want to start a new life, one that I should have started the first time I knocked her brains out in 1964.'

"Appellant's attorney: Now, Your Honor, there is no evidence that he knocked her brains out. Mr. Paynter [State's attorney] has gone continuously outside of the record.

"The Court: All right.

"State's attorney: Well, I will read what it says.

"Appellant's attorney: I object to that statement, and I want the jury instructed not to consider that.

"The Court: You will not consider anything other than what has come into evidence, Ladies and Gentlemen of the Jury."

Appellant contends the court's instruction was insufficient to remove any prejudice interjected by the prosecutor. However, the appellant did not ask for a mistrial. He received all the relief he requested. Grant v. State, Tex.Cr.App., 472 S.W.2d 531.

Further, an instruction to the jury to disregard is sufficient to cure error in all cases

". . . except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds . . ." Mays v. State, Tex.Cr.App., 434 S.W.2d 140.

See also Guerra v. State, Tex.Cr.App., 478 S.W.2d 483; Burks v. State, Tex.Cr.App., 432 S.W.2d 925. The record reflects appellant had three convictions for assault and battery against his wife. The remark, in the case at bar, is not of such a character, in view of its nature and the evidence, to bring it within the rule set forth above.

Cf. Stearn v. State, Tex.Cr.App., 487 S.W. 2d 734.

 Appellant's third ground of error contends the testimony of a police officer that the injured party told him at the scene that she had been stabbed by her husband constituted inadmissible hearsay. However, the record reflects that the appellant, testifying in his own behalf, admitted stabbing his wife. He may not now complain of the admission of evidence when he later testified, upon direct examination, to substantially the same facts. Robbins v. State, Tex.Cr.App., 481 S.W.2d 419; Humphrey v. State, Tex.Cr.App., 479 S.W. 2d 51; Ivory v. State, Tex.Cr.App., 430 S.W.2d 498.

Finding no reversible error, the judgment is affirmed.