Rosendo E. MARRERO, Appellant,

v.

The STATE of Texas, Appellee.

No. 46733.

Court of Criminal Appeals of Texas.

Nov. 7, 1973.

Percy Foreman and Dick DeGuerin, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and George Karam, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for assault with intent to murder. Trial was before the court on a plea of not guilty. Punishment was assessed at five years.

Appellant contends that the evidence is insufficient to support the conviction.

The record reflects that an altercation took place in appellant's front yard in the Heights area in Houston, on June 27, 1971, when one Henry Calderon, his mother and step-father went to appellant's home to pick up appellant's brother. Appellant struck Calderon with a knife, resulting in injuries described by Dr. Paul Grant as "two stab wounds, one would be in the thorax and one in the abdomen," and the fracture of a rib. Dr. Grant stated that

the knife penetrated the lungs and released air into the chest wall. When asked if the force used could have caused death, Dr. Grant answered, "yes. It could have caused death."

In support of his argument that the evidence is insufficient, appellant points to the absence of any threatening words spoken by appellant, evidence that the knife used by appellant had a blade about one and one-half inches in length, and the fact that Calderon only stayed in the hospital about twenty-four hours.[1]

While the evidence does not reflect the knife was per se a deadly weapon, the intent to murder may be shown by the manner in which the knife is used and the nature and extent of the injuries. Abels v. State, Tex.Cr.App., 489 S.W.2d 910; Washington v. State, Tex.Cr.App., 471 S.W.2d 409; Smith v. State, 167 Tex.Cr.R. 454, 320 S.W.2d 680. We conclude that the testimony concerning the nature and extent of Calderon's injuries, coupled with the doctor's opinion that the force used was such as could have caused death, is sufficient to support a conviction for assault with intent to murder.

Appellant contends that the court erred in refusing to consider evidence in mitigation of punishment.

Appellant called no witnesses at the guilt-innocence stage of the trial regarding the facts and circumstances surrounding the assault. After the court had found appellant guilty of assault with intent to murder with malice, appellant took the stand at the punishment stage and attempted to recount how the assault occurred, and the State's objection to same was sustained. The State's objections to the testimony of appellant's wife and brother regarding the circumstances and facts surrounding the assault were also sustained. Proffered testimony[2] reflects that the witnesses

---

1. It is noted that Dr. Grant testified Calderon should have stayed in the hospital an additional twenty-four hours.

2. The record reflects that a bill of exception was developed as to the testimony of appellant's brother. The court refused to

would testify that the fight started when Calderon's mother began "berating" the appellant; that Calderon was advancing toward appellant with a block of concrete at the time of the assault and did, in fact, strike appellant with the concrete block; that appellant had asked Calderon and the people accompanying him to leave his premises and they had refused.

In the recent case of Brazile v State, Tex.Cr.App., 497 S.W.2d 302, this Court quoted from Allaben v. State, Tex.Cr.App., 418 S.W.2d 517, where it was stated:

"Evidence to be offered at the hearing on punishment pursuant to the provisions of Article 37.07, Section 2(b), Vernon's Ann.C.C.P. is by no means limited to the defendant's prior criminal record, his general reputation and his character. Evidence legally admissible to mitigate punishment or evidence that is relevant to the application for probation, if any, is also admissible."

In Foster v. State, Tex.Cr.App., 493 S.W.2d 812, this Court held that the presence or absence of malice in murder cases relates only to the punishment. In Brazile v. State, supra, this Court cited Foster v. State, supra, and noted, "Thus, it would appear proper to submit the issue of malice only during the punishment stage." This Court, in *Brazile*, held it was error for the trial court to exclude facts and circumstances surrounding a homicide at the punishment stage of the trial for the purpose of mitigating punishment. See Vasquez v. State, Tex.Cr.App., 491 S.W.2d 173.

The presence or absence of malice is determinative of punishment in assault with intent to murder cases. The pertinent portion of Article 1160, Vernon's Ann.P.C., provides:

"If any person shall assault another with intent to murder, he shall be confined in the penitentiary not less than two nor more than fifteen years; provided that if the jury find the assault was committed without malice, the penalty assessed shall be not less than one nor more than three years confinement in the penitentiary."

The proffered testimony reflects that the fight started when Calderon's mother began "berating" appellant. While verbal provocation does not justify an assault, Article 1143, V.A.P.C. provides that "insulting and abusive words may be given in mitigation of the punishment affixed to the offense."

In the instant case, we conclude that the proffered testimony was admissible to mitigate punishment, and was relevant to appellant's motion for probation.

The error relates to punishment only, and the court having assessed punishment, the case is remanded to the trial court for a hearing on the issue of the proper punishment to be assessed by the court. The punishment heretofore assessed is set aside.

It is so ordered.

Opinion approved by the Court.

---

allow appellant and his wife to testify for the purpose of a bill of exception, but permitted a tender of proof in the form of a statement by counsel as to what their testimony would be. See Article 40.09, Sec. 6(d)(1), Vernon's Ann.C.C.P.