Opinion filed February 14, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed February 14,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00393-CR 

                                                    __________

 

                              ANSON VERNON MOORE, II, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

                                                          Brown
County, Texas

                                                 Trial
Court Cause No. CR17910

 



 

                                                                   O
P I N I O N

 

Anson
Vernon Moore, II was convicted by a jury of the felony offense of driving while
intoxicated.  The trial court, after finding enhancement paragraphs to be true,
assessed his punishment at fifty years in the Texas Department of Criminal
Justice, Institutional Division.  Moore contends in two issues that the trial
court committed harmful error in not considering, at the punishment phase of
the trial, evidence that he presented in the guilt/innocence phase of the trial
in connection with his justification defense of necessity.  We affirm.           








Moore
had previously been convicted many times of the offense of driving while
intoxicated.  Evidence was presented showing that he was driving while
intoxicated on the occasion in question.  At the guilt/innocence phase of the
trial, Moore relied on the justification defense of necessity set forth in Tex. Penal
Code Ann. '
9.22 (Vernon 2003).  The trial court instructed the jury with respect to that
defense.  Subsequently, the jury returned its verdict of guilty.

During
the guilt/innocence phase of the trial, both Moore and Terisa Smith Willborn
testified that they were together when he was arrested for driving while
intoxicated.  They said that Terisa drove them both to a Chevron station where
they were confronted by Ernest Willborn, Terisa=s
ex-husband.  They each testified that Ernest pulled in front of them at the
station, held out his hand holding what Moore thought to be a pistol, and said,
AI told you I was
going to get you, boy.@ 
Moore, noting that Ernest had physically injured him in the past, said that he
was afraid and drove his vehicle away from the Chevron station to find an
officer.

At
the punishment hearing, Moore sought to have the trial court consider these
facts in mitigation of his punishment.  Prior to announcing Moore=s sentence, the trial court
said:

And, accordingly, in
this case, I have to take into consideration all of the evidence that is
presented, the totality of the evidence submitted at both the guilt-innocence
and the punishment phases of the case.  And I=m
doing that.  I=m not
going to second guess what the jury has done.  The jury has determined and has
already ruled on this issue of necessity and found that it is lacking of any
merit based on their verdict.  So, I cannot give that any weight whatsoever. 
If there had been a finding of necessity, then you would have been found not
guilty by the instructions that I gave the jury.  So, that cannot be something
I can consider to mitigate punishment. 

 

Moore argues
that the trial court erred because the evidence was not offered to establish
his innocence but to establish the circumstances of the crime, specifically his
state of mind. 

Tex. Code Crim. Proc. Ann. art. 37.07
(Vernon Supp. 2007)[1] allows trial
courts to consider any matter they consider relevant to sentencing:

[I]ncluding but not
limited to the prior criminal record of the defendant, his general reputation,
his character, an opinion regarding his character, the circumstances of the
offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas
Rules of Evidence, any other evidence of an extraneous crime or bad act that is
shown beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible, regardless of
whether he has previously been charged with or finally convicted of the crime
or act.

 

This statute has
been interpreted broadly.  Evidence is relevant to sentencing if it is helpful
in determining the defendant=s
appropriate sentence.  McGee v. State, 233 S.W.3d 315, 318 (Tex. Crim.
App. 2007).  However, evidence that tends to exonerate the defendant or support
an affirmative defense is not relevant.  Nixon v. State, 572 S.W.2d 699,
701 (Tex. Crim. App. 1978).








Moore
relies upon Marrero v. State, 500 S.W.2d 818 (Tex. Crim. App. 1973), for
the proposition that his necessity evidence was relevant.  There, the court
held that evidence of verbal provocation was relevant at a punishment hearing
in an assault trial because, even though verbal provocation would not justify
the defendant=s
assault, it would mitigate his punishment.  Marrero differs from this
case in one important respect B
necessity is a justification defense and, if proven, would have resulted in an
acquittal.  Section 9.22.  

Moore=s argument that necessity
evidence is admissible in a punishment hearing to establish his state of mind
assumes that in some cases necessity can be a mitigating factor even if that
evidence is insufficient to establish a defense.  The problem with Moore=s assumption is that it
does not allow for Article 38.04.[2]  This statute
makes the jury the exclusive judge of the facts proved.  Asking the trial court
to consider evidence of necessity when the jury has already rejected that
defense necessarily asks the trial court to reconsider the jury=s factfinding.

Moore=s defense was fully
presented to the jury.  Why it did not agree with him we do not know, but it is
possible that the jury simply did not believe his story.  For example, the jury
may not have believed that Ernest threatened Moore or that Moore was driving to
escape Ernest.  We recognize that the jury may have also believed that Moore
felt threatened, but determined that he overreacted.  So long as the jury=s verdict is supported by
sufficient evidence, we may not second-guess how it reached its decision. 
Accepting Moore=s
underlying assumption that necessity can still be a mitigating factor even if
rejected by the jury as a defense would require that we do so because we would
be required to decide what the jury believed.  Because we lack this authority,
we cannot find that the trial court erred when it refused to consider Moore=s necessity evidence. 
Moore=s issues are
overruled.  

The
judgment of the trial court is affirmed.  

                                                                              

 

RICK STRANGE

February 14,
2008                                                                   JUSTICE

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  McCall, J.,

Strange, J., and Hill, J.[3]

 

 

 








Opinion
filed February 14, 2008

 

 

                                                                        In The

                                                                              

    Eleventh Court of
Appeals

                                                                    __________

 

                                                          No. 11-05-00393-CR

                                                       ________

 

                              ANSON
VERNON MOORE, II, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                             On Appeal from
the 35th District Court

 

                                                            Brown
County, Texas

 

                                                    Trial
Court Cause No. CR17910

 



 

                                                  C
O N C U R R I N G   O P I N I O N

 

I concur in the result because, as I
interpret the judge=s statement, the trial court considered all of the evidence
at trial with respect to the decision on punishment but made clear that the
jury=s determination of the issue of
necessity was not being reconsidered.  Inasmuch as Moore was requesting that
the trial court consider the evidence presented at the punishment hearing and
inasmuch as there is no indication that he was asking the trial court to
reconsider the jury=s decision on the issue of necessity, the record does not
reflect any adverse ruling by the trial court to which Moore could have
complained.  Consequently, I would hold that nothing has been preserved for
review.  Tex. R. App. P. 33.1(a).

 

JOHN G. HILL

JUSTICE

February 14, 2008

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of: McCall, J.,

Strange,
J., and Hill, J.









     [1]Article 37.07,
section 3(a).





     [2]Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979).





     [3]John G. Hill,
Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting
by assignment.