FRANK DAVIS v. THE STATE.

No. 2587. Decided May 20, 1903.

1.—Burglary—Evidence in Support of.

It is no reason that a conviction for burglary can not be sustained on circumstantial evidence, and the further fact that defendant was found in possession of the stolen property recently after it was stolen.

2.—Same—Alibi.

Evidence of defendant's alibi affords no sufficient reason for reversal where it is apparent that the jury did not believe the witnesses as to the alibi.

3.—Same—Charge as to Alibi.

Where a portion of the charge of the court required the jury to find the essential facts constituting burglary before finding defendant guilty, a clause submitting alibi, which assumed that the house had been burglarized, did not affect defendant's rights injuriously.

Appeal from the Criminal District Court of Harris. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with burglary of the house of Ed. Brown, with intent to commit theft. The burglary was alleged to have been committed on the 26th of October, 1902.

Ed Brown testified he had charge of Taylor Bros. jewelry shop, in Houston, on Sunday, the 26th day of October, 1902. That on Monday morning he found the shop had been burglarized and a watch case and a pair of earrings taken from his work drawer, which he afterwards recovered from J. Dannenbaum, a jeweler. Dannenbaum identified defendant positively as the man who sold him the watch case taken from Ed Brown's shop.

Stafford testified, for defendant, that he was with defendant on that day of October. Saw him in Beaumont on the 25th. He said defendant could have left Beaumont on the night of the 25th and gone to Houston and gotten back on the morning of the 26th. Several witnesses testified to defendant's good character for honesty.

Defendant testified that he was in Beaumont on Sunday, the 26th of October. That he never was in Dannenbaum's jewelry store before the 6th day of December, the day he was arrested. That he knew nothing about the watch case. That he had never been in the building where Taylor Bros. jewelry shop was.

The court charged upon circumstantial evidence and alibi. The charge upon alibi was: "If you have a reasonable doubt of the presence of defendant when and where the offense charged was committed, you will find him not guilty." He also gave a special instruction asked by defendant, as follows: "If you have a reasonable doubt that defendant was in Houston at the time of the burglary, if any, you will acquit him."

*E. T. Branch,* for appellant.—Appellant contends that there should be some evidence of guilty conduct besides the bare possession of the stolen property before the presumption of burglary is superadded to that of the larceny, conceding for the sake of argument that the property was ever stolen, or that a burglary was committed. Jackson v. State, 28 Texas Crim. App., 370; Fields v. State, 24 Texas Crim. App., 422. Appellant further contends that there is no proof that he was familiar with the location of Brown's shop, or that he was ever in, around it, or about it. We respectfully submit that the only circumstance against this defendant is the circumstance that Dannenbaum claims to identify him as a man who had sold him the watch case, and even if this were true it would not be sufficient to prove the corpus delicti, and that it is not true is shown by the proof offered in support of defendant's alibi, which was hard to make stronger.

Appellant also assigns as error that the court's charge on alibi is on the weight of evidence, and assumed that a burglary had been committed. The charge was as follows: "If you have a reasonable doubt of the presence of the defendant when and where the offense was committed, you will find him not guilty." This charge clearly assumes that the offense was committed; that is, that a burglary had been committed, and showed the opinion of the court that the burglary had been committed, and was not and could not be cured by the giving of the defendant's requested special charge on alibi. If it had not been for this assumption of the court the jury might have found, if they had the time, that no burglary was committed at all, Brown's testimony leaving that issue somewhat in doubt, or they might not have believed Brown's testimony at all, if left to judge of its credibility. As was said in the famous Landon Lane case, 45 S. W. Rep., 693, "Whether appellant's testimony was satisfactory is not the question; the State must make out its case." It was incumbent on the prosecution to show that a burglary had been committed, and that beyond a reasonable doubt. The court having expressed its opinion that the offense was committed, even one time during the trial, could never erase his opinion from the jury. The fact that the appellant got the lowest term is no reason for saying it did not prejudice appellant. That was evidently a compromise, so the jury could get to dinner. The rule is that the judge must not express his opinion that the burglary was committed.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and

his punishment assessed at confinement in the penitentiary for a term of two years, hence this appeal.

The record is without bill of exceptions. Appellant insists that the evidence is not sufficient to support the verdict and judgment. We have examined the record carefully, and, in our opinion, the testimony is ample to authorize and maintain the conviction. The fact that the evidence is circumstantial, and the main fact or circumstance against appellant being that he was found in possession of the stolen property recently after the alleged burglary, is no reason why the conviction can not be sustained. See authorities cited in White's Ann. Penal Code, sec. 1487, subdiv. 7. Nor does the fact that appellant introduced evidence showing that he was at Beaumont, and not Houston, at the time of the alleged burglary, afford sufficient reason why this case should be reversed on the facts. The jury passed upon his alibi evidence, and evidently did not believe the witnesses.

Appellant excepted to the court's charge on alibi on the ground, as he claims, that in said charge the court assumed the house had been burglarized. If this charge be considered by itself, it would be amenable to the criticism of appellant. However, the court, in another portion of the charge, required the jury to find the essential facts constituting burglary before they would be authorized to find appellant guilty. The charge complained of was merely with reference to appellant's defense of abili. It does not occur to us, under the circumstances, that the charge was calculated to injuriously affect appellant's rights. There being no error in the record, the judgment is affirmed.

*Affirmed.*

[Appellant's motion for rehearing was overruled without written opinion.—Reporter.]