CHARLES FAGNANI V. THE STATE.

No. 1620.   Decided April 17, 1912.

Rehearing Denied May 8, 1912.

**1.—Local Option—Precedent.**

Where the main questions raised on appeal were decided adversely to appellant in a companion case, there was no error.

**2.—Same—Indictment—Word and Phrases.**

Where the indictment incorrectly gave the term of the court at which the grand jury were impaneled by using the figures "A. D. 191— instead of A. D. 1911," this was no ground to quash the indictment.

**3.—Same—Charge of Court—Prima Facie—Words and Phrases.**

The court did not permit reversible error in failing to define to the jury the words, "prima facie evidence;" defendant requesting no charge thereon. Distinguishing Floeck v. State, 34 Texas Crim. Rep., 314.

**4.—Same—Charge of Court—Circumstantial Evidence.**

Where the court gave a correct charge on circumstantial evidence, there was no error in instructing the jury in another portion of the charge that the sale could be proved by circumstances.

**5.—Same—Charge of Court—Alibi—Weight of Evidence.**

Where the court, in his charge on alibi, did not instruct the jury that an unlawful sale of intoxicating liquors had been made, but left this to the jury, it was not on the weight of the evidence. Following Davis v. State, 45 Texas Crim. Rep., 166, and other cases.

Appeal from the District Court of Bowie. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Hart, Mahaffey & Thomas,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

PRENDERGAST, JUDGE.—The appellant was convicted of violating the prohibition law after an election had been held in Bowie County putting prohibition in force, since the statute was passed making it a felony to violate said law.

This is a companion case to Columbo v. State, and other cases from Bowie County, recently decided, wherein the main questions raised here, were raised in said other cases, and decided adversely to appellant. It is unnecessary, therefore, to restate any of these questions. We adhere to the decisions made therein on those points.

However, there are some minor questions raised in this case necessary to pass upon.

Appellant's motion to quash the indictment, because it incorrectly gave the term at which the grand jury was empaneled "at the May term, A. D. 191—" instead of "at the May term, A. D. 1911," was properly overruled. Grayson v. State, 35 Texas Crim. Rep., 629; Osborn v. State, 24 Texas Crim. App., 398.

The court did not commit reversible error in failing to define to the jury the words *"prima facie* evidence." Appellant requested no charge thereon. In Floeck v. State, 34 Texas Crim. Rep., 314, this court said, in effect, that the charge of the court in that case defining what *prima facie* meant was correct, but we know of no case, and have been cited to none, where the court is required to define the meaning of such well known and frequently used words as these.

Neither did the court err in charging the jury that the "burden is

on the State to show, beyond a reasonable doubt, that defendant made a sale of intoxicating liquors to Sam Grant, but this may be done by circumstances." The court elsewhere in the charge gave a correct charge on circumstantial evidence to which there is no objection by appellant.

Neither was any reversible error committed by the court, as complained of by appellant, on the charge of alibi, wherein he claims that it was upon the weight of the evidence and, in effect, told the jury that in the opinion of the court an unlawful sale of intoxicating liquor had been made. This point has been expressly decided against appellant by this court. Davis v. State, 45 Texas Crim. Rep., 166; Booth v. State, 4 Texas Crim. Rep., 202. The court in the charge pointedly required the jury to believe from the evidence, beyond a reasonable doubt, that the appellant did on or about the date charged, in Bowie County, Texas, unlawfully sell intoxicating liquor to Sam Grant, the party to whom the illegal sale was charged to have been made before they could convict him. In addition he charged that the burden was on the State to show beyond a reasonable doubt that appellant made such sale to said Grant, but that this might be done by circumstantial evidence. Again, the court charged that the burden of proof was on the State. And still, that the defendant was presumed to be innocent until his guilt was established by legal evidence beyond a reasonable doubt and if they had a reasonable doubt as to his guilt, to acquit him.

The judgment will be affirmed.

*Affirmed.*

[Rehearing denied May 8, 1912.—Reporter.]