FAGNANI v. STATE.

(Court of Criminal Appeals of Texas. April 17, 1912. Rehearing Denied May 8, 1912.)

1. INDICTMENT AND INFORMATION (§ 137*)—SUFFICIENCY—TIME OF INDICTMENT.

• An indictment alleging that it was found by the grand jury impaneled at the May term, A. D. 191—, instead of the May term, A. D. 1911, is not so defective as to be subject to motion to quash.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 480–487; Dec. Dig. § 137.*]

2. CRIMINAL LAW (§ 824*)—INSTRUCTIONS.

Where accused requested no special charge, the trial court did not err in failing to define the words, "prima facie evidence," used in its charge.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 824.*]

3. CRIMINAL LAW (§ 823*)—INSTRUCTIONS.

In a prosecution for a violation of the prohibition law, where the court elsewhere gave a correct charge on circumstantial evidence, a charge that the burden is on the state to show beyond a reasonable doubt that defendant made a sale of intoxicating liquors, but this may be done by circumstances, is not erroneous.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1992–1995, 3158; Dec. Dig. § 823.*]

4. CRIMINAL LAW (§ 823*)—TRIAL—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In a prosecution for a violation of a prohibition law, where accused set up an alibi and the court in its charge pointedly required the jury to believe beyond a reasonable doubt that accused did on or about the date charged unlawfully sell intoxicating liquors to the person named, and also charged that the burden was on the state to show beyond a reasonable doubt that such sale was made, a charge on the defense of alibi, though assuming that an unlawful sale of liquor had been made, is not erroneous as on the weight of the evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1992–1995, 3158; Dec. Dig. § 823.*]

Appeal from District Court, Bowie County; P. A. Turner, Judge.

Charles Fagnani was convicted of violating the prohibition law, and appeals. Affirmed.

Hart, Mahaffey & Thomas, of Texarkana, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The appellant was convicted of violating the prohibition law after an election had been held in Bowie county putting prohibition in force, since the statute was passed making it a felony to violate said law.

This is a companion case to Columbo v. State, 145 S. W. 910, and other cases from Bowie county, recently decided, wherein the main questions raised here were raised in said other cases, and decided adversely to appellant. It is unnecessary, therefore, to restate any of those questions. We adhere to the decisions made therein on those points. However, there are some minor questions raised in this case necessary to pass upon.

[1] Appellant's motion to quash the indictment, because it incorrectly gave the term at which the grand jury was impaneled "at the May term, A. D. 191—," instead of "at the May term, A. D. 1911," was properly overruled. Grayson v. State, 35 Tex. Cr. R. 629, 34 S. W. 961; Osborne v. State, 24 Tex. App. 398, 6 S. W. 536.

[2] The court did not commit reversible error in failing to define to the jury the words "prima facie evidence." Appellant requested no charge thereon. In Floeck v. State, 34 Tex. Cr. R. 314, 30 S. W. 794, this court said, in effect, that the charge of the court in that case defining what prima facie meant was correct, but we know of no case, and have been cited to none, where the court is required to define the meaning of such well-known and frequently used words as these.

[3] Neither did the court err in charging the jury that the "burden is on the state to show beyond a reasonable doubt that defendant made a sale of intoxicating liquors to Sam Grant, but this may be done by circumstances." The court elsewhere in the charge gave a correct charge on circumstantial evidence to which there is no objection by appellant.

[4] Neither was any reversible error committed by the court, as complained of by appellant, on the charge of alibi, wherein he claims that it was upon the weight of the evidence, and, in effect, told the jury that in the opinion of the court an unlawful sale of intoxicating liquor had been made. This point has been expressly decided against appellant by this court. Davis v. State, 45 Tex. Cr. R. 166, 74 S. W. 919; Boothe v. State, 4 Tex. App. 213. The court in the charge pointedly required the jury to believe from the evidence beyond a reasonable doubt that the appellant did on or about the date charged, in Bowie county, Tex., unlawfully sell intoxicating liquor to Sam Grant, the party to whom the illegal sale was charged to have been made before they could convict him. In addition, he charged that the burden was on the state to show beyond a reasonable doubt that appellant made such sale to said Grant, but that this might be done by circumstantial evidence. Again, the court charged that the burden of proof was on the state, and still that the defendant was presumed to be innocent until his guilt was established by legal evidence beyond a rea-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

sonable doubt, and, if they had a reasonable doubt as to his guilt, to acquit him.

The judgment will be affirmed.