**Billy Ray MAYS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41511.**

Court of Criminal Appeals of Texas.

Oct. 30, 1968.

Rehearing Denied Dec. 11, 1968.

Vincent W. Perini, Dallas, for appellant.

Henry Wade, Dist. Atty., Charles Caperton, Arch Pardue, Malcolm Dade, Camille Elliott and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is robbery with firearms; the punishment, fifty years.

The indictment charged Andrew Harris and Billy Ray *Jackson* with robbing L. O. Anderton on or about February 14, 1967. Upon his having suggested that his true name was Billy Ray Mays, the court ordered that the indictment and all other papers in the case where the defendant's name appeared as Billy Ray Jackson be changed to Billy Ray Mays.

Trial was before a jury on a plea of not guilty.

The state did not seek the death penalty and appellant elected to have the jury assess the punishment.

The sole ground of error set forth in appellant's brief filed in the trial court complains that the court erred in not granting a mistrial when the following occurred after the court, at appellant's request, had instructed counsel for the state to refrain from mentioning, referring to or alluding to, directly or indirectly, "facts and circumstances tending to connect said defendant with any other extraneous crimes other than the specific offense for which he stands charged in this cause."

On direct examination State's Witness Pat Albair, who had identified appellant and his co-defendant as the robbers, testified:

"Q. * * * Then did you later that same night, go down to the police department to a lineup?

"A. Yes.

"Q. All right. Was one of these Defendants in the lineup?

"A. Yes, he was.

"Q. All right. I'll ask you did you go down about—well, let's see. The next night then, to another lineup?

"A. Well, it was either the next night or I forget just exactly.

"Q. Was another one of the Defendants in that lineup?

"A. That's correct.

"Q. All right. I'll ask you then if you also came down here and testified at another time?

"A. That's true.

"Q. Did you see them then in the Courtroom at that time?

"Mr. REESE: I object to that.

"THE COURT: Sustain the objection.

"Q. Have you seen them then twice since you have seen them in your store the night they robbed you?

"A. I have.

"Q. Okay, * * *

"MR. REESE: Your Honor, in view of the testimony we ask that the court instruct the jury to disregard that.

"THE COURT: Disregard that testimony, Ladies and Gentlemen.

"MR. REESE: Your Honor, I appreciate your instructions, but in view of the highly prejudicial nature of the answer, we ask for a mistrial.

"THE COURT: Denied, proceed.

"MR. REESE: The same for Andrew Harris here.

"THE COURT: Denied."

As we view the record it does not sustain the contention that the questions above quoted were improper or were propounded in bad faith, or that the rulings and instructions given by the court were not sufficient to cure the error, if any, in the asking of the questions.

The fact that the witness who identified the defendants as the robbers recognized one or both of them subsequent to the robbery was admissible. Cline v. State, 150 Tex.Cr.R. 586, 204 S.W.2d 512.

It is well established law that the error in propounding improper questions or in admitting improper testimony may be generally cured by a withdrawal of such testimony and an instruction to disregard the same, except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. 5 Tex.

Jur.2d, Sec. 437; Harris v. State, Tex.Cr. App., 375 S.W.2d 310; Wheeler v. State, Tex.Cr.App., 413 S.W.2d 705.

The judgment is affirmed.