Julius SCOTT, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 43709.

Court of Criminal Appeals of Texas.

June 29, 1971.

Rehearing Denied Oct. 26, 1971.

**380**

Donald Eastland, William L. Fly, Hillsboro, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for murder where the punishment was assessed by the jury at 101 years.

■ Initially, the appellant contends that the trial court erred in failing to change venue on its own motion.

The appellant filed a suggestion that the court change venue on its own motion. The same was overruled by the court "subject to the right of Defendant to renew said suggestion upon examination of jury panel."

Apparently about the same time the appellant filed his own motion for change of venue. Such motion was not supported by the affidavit of at least two credible persons, residents of the county where the prosecution was instituted, as required by Article 31.03, Vernon's Ann.C.C.P. See Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728, 733; Stuart v. State, Tex.Cr.App., 456 S.W.2d 129.

Such motion was overruled "after hearing argument of counsel" "subject to the

right of the Defendant to renew said motion upon examination of the jury panel."

The voir dire examination of the jury panel is not in the record before us. If the appellant renewed his "suggestion" or "motion" during the voir dire examination it is not in the appellate record. By a formal bill of exception it is shown that 60 jurors out of 126 jurors examined before the completion of the jury were excused after they expressed an opinion as to the guilt or innocence of the accused (See Article 35.16(a) (10), V.A.C.C.P.) and that the State exercised two peremptory challenges and the defense exercised 15 such challenges. There is no showing that any juror who had formed an opinion as to the appellant's guilt or innocence served on the jury. See Cotten v. State, Tex.Cr.App., 406 S.W.2d 452.

Attached to the record are several newspaper articles concerning the alleged offense, the apprehension of the appellant, the return of the indictment, etc. Just when these newspaper clippings were made a part of the record is not clear.

The new accounts attached appear to be fair, non-inflammatory, and apparently published for the purpose of informing the public of current events. See Taylor v. State, Tex.Cr.App., 420 S.W.2d 601; Wallace v. State, Tex.Cr.App., 458 S.W.2d 67. Further, the circulation figures of the newspapers in Hill County were not shown.

It has been held that newspaper publicity alone does not establish prejudice or require the change of venue. Ward v. State, Tex.Cr.App., 427 S.W.2d 876; Jones v. State, 240 S.W.2d 771; Wallace v. State, supra; 16 Tex.Jur.2d, Criminal Law, Sec. 246, p. 398. Even if it can be argued that the newspaper clippings were timely introduced and brought to the attention of the trial court, the appellant did not go further and show by reason thereof or by other factors there had been created in the public mind so great a prejudice as would prevent

him from receiving a fair trial. Wallace v. State, supra.

We cannot agree, in light of the record before us, that the trial court abused its discretion in refusing to change venue on its motion and that the appellant was denied due process of law by such action.

Ground of error # 1 is overruled.

Next appellant contends the evidence is insufficient to corroborate the testimony of the accomplice witness, L. C. Scott. See Article 38.14, V.A.C.C.P.

The record reflects that Clyde Phillips, owner of the Phillips Grocery Store in Hillsboro, was found shot in the head lying on the floor of his store shortly before 5 p. m. on December 11, 1969, by Gene Thompson.[1] The police were called. The cause of death was shown to be a gunshot wound of the head.

L. C. Scott, the 17 year old brother of the appellant, testified fully as to his and the appellant's participation in the robbery and murder of Phillips. He related that he accompanied the appellant to the store; that appellant told him that he planned to rob Phillips; that after the appellant asked Phillips for "hair tonic or something" the appellant pulled a gun and made Phillips kneel on the floor at which time Phillips asked the appellant to take the money but not to kill him.

L. C. Scott then related he walked to the door of the store and just as he got outside he heard a shot and later a second shot; that appellant joined him and subsequently he received $10.00 from the appellant.

Mrs. Lenora Radke testified that at 4:45 p. m. on the date in question she had parked her car outside the Phillips store while her sister-in-law, Mrs. Annie Radke, went into the store. She observed two boys outside the store and described their clothing. Annie Radke testified she saw the appellant outside the store at approximately 4:45 p. m. on the occasion in question.

JoAnn Goley testified that on the occasion in question she saw two men who approached the Phillips Grocery, hesitate, walk away from the store, then turn around and come back and enter the store. She identified the appellant as one of the two men.

Mrs. Rose Polk testified she stopped at the Phillips store sometime after 4 p. m. on the day in question and saw the appellant and his brother, both of whom she saw on the sidewalk near the store. Kazel Collins also testified she saw the appellant and his brother near the store on the date in question.

The appellant offered the deposition of Mrs. Maude Beavers, 83, who lived across the street from the store. She related that at the time in question she was raking leaves in her yard when she heard two shots and then saw two boys run from the Phillips Grocery, and shortly thereafter Gene Thompson "came up."

Sheriff Brooks of Hill County testified that two days after the alleged offense he was responding to a disturbance call at Itasca when he passed the appellant going in the opposite direction. They both

---

1. It appears that one McClure was also shot and killed in the store during the same transaction. The cautious trial judge carefully instructed the witnesses not to mention McClure during their testimony so that only evidence as to the death of Phillips, as alleged in the indictment, would be heard by the jury. Such action was favorable to the appellant. Under similar circumstances, this Court in Taylor v. State, 420 S.W.2d 601, 605, said:

"It is well settled that '[w]here the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper.' 4 Branch's Anno.P.C.2d, Sec. 2255, p. 618; See also 23 Tex.Jur.2d, Sec. 196, p. 302; Cook v. State, Tex.Cr.App., 398 S.W.2d 284; Fuller v. State, Tex.Cr.App., 380 S.W.2d 619."

The evidence of the shooting of McClure would appear to be res gestae of the alleged offense and admissible.

stopped. The appellant surrendered to the sheriff a gun he had.[2] The ballistics test run at the Department of Public Safety revealed that the slug removed from the deceased had been fired from the weapon surrendered to the sheriff by the appellant.

Vonsell Johnson testified he had seen the pistol in question in possession of the appellant, who had told him of the murder of Clyde Phillips but that he "didn't believe it."

There was other evidence as to the appellant's possession of the pistol which was clearly identified as the murder weapon.

In Edwards v. State, Tex.Cr.App., 427 S.W.2d 629, 632, this Court recited the provisions of Article 38.14, V.A.C.C.P., and then said:

"The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view to ascertain if there be inculpatory evidence, that is evidence of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise, it is not. Dalrymple v. State, Tex.Cr.App., 366 S.W.2d 576; Bradford v. State, 170 Tex.Cr.R. 530, 342 S.W.2d 319.

"In Minor v. State, 108 Tex.Cr.R. 1, 299 S.W. 422, this Court said:

" 'The law forbidding a conviction upon the uncorroborated testimony of an accomplice does not demand that there be direct evidence pointing to the accused as the offender, but merely requires that there be "other evidence tending to connect the defendant with offense committed." * * * Circumstances proved by credible witnesses may

be as potent as direct testimony in tending to connect the accused with the commission of the offense. The state is not called upon to point to some single or isolated fact which in itself, unrelated to other proven facts, will be sufficient corroboration. It is the combined and cumulative weight of the evidence furnished by non-accomplice witnesses which supply the test. If by this rule it appears on appeal that before the jury there was proof confirming the testimony of the accomplice to material facts tending to connect the accused with the commission of the offense, the law is satisfied.' (Collating numerous Texas cases) See also Morgan v. State, 171 Tex.Cr.R. 187, 346 S.W.2d 116; Barnett v. State, 163 Tex.Cr.R. 270, 290 S.W.2d 234.

"In Cawley v. State, Tex.Cr.App., 310 S.W.2d 340, this Court quoted with approval portions of 22 C.J.S. Criminal Law § 812, pp. 1404 and 1405 (revised as 23 C.J.S. Criminal Law § 812(4) f., p. 118) regarding the law of corroboration of accomplice witnesses. That quotation more fully reads as follows:

" '(P)roof that accused was at or *near the scene of the crime at or about the time of its commission* is admissible in corroboration of the testimony of the accomplice, and may tend to connect accused with the commission of the crime, so as to furnish sufficient corroboration to support a conviction when coupled *with suspicious circumstances, such as unseasonableness of the hour, without reasonable explaination therefor,* * * * *lack of apparent reason for such presence,* * * * *being in the company of the accomplice,* * * * *subsequent flight,* * * *.'* (Emphasis Supplied)

---

2. On cross-examination it was elicited from the sheriff that the appellant had *voluntarily surrendered himself* on December 13th on the highway as described stating that shortly before he had been involved in a dice game at Itasca and that he had shot one Weldon Green. He gave the gun he had used to shoot Green to the sheriff.

"Further, 23 C.J.S. Criminal Law § 812(4) h., p. 120, states:

'(T)he possession by accused of the fruits of the crime, such as property stolen at the time of the burglary, robbery, larceny, or murder, of itself generally tends to connect him with the commission of the crime, and may be sufficient corroboration of the testimony of an accomplice to warrant a conviction * * *.' (Citing a multitude of Texas cases)"

The corroborating testimony clearly places the appellant in the presence of the accomplice witness near the scene of the crime. The weapon shown to have been the murder weapon was surrendered to the sheriff by the appellant two days after the alleged offense.

■ The evidence amply corroborated the accomplice witness' testimony and is sufficient to sustain the conclusion of the jury as to appellant's guilt. See Edwards v. State, supra.

In White v. State, 129 Tex.Cr.R. 59, 84 S.W.2d 465, this Court noted that an accomplice witness need not be corroborated upon *all* of his testimony but observed that the law requires only that there be testimony other than that of the accomplice witness which in and of itself tends to connect the accused with the crime alleged.

Appellant also complains of admission into evidence of the testimony of Vonsell Johnson on direct examination as follows:

"Q. Did he (appellant) ever tell you anything about the murder of Clyde Phillips?

"A. He did, but I didn't believe it.

"Q. I didn't ask you that, Mr. Johnson. Just please answer my question.

"A. Yes, sir.

"Q. And what did he tell you?

"MR. EASTLAND: I object to anything that this man may testify unless he shows some circumstances and time and place to tie him in with that."

Thereafter the State elicited from the witness that the appellant's statements about the "murder" were in the "evening time" "just before the Weldon Green shooting." (See footnote #2). When asked if that was December 12th or 13th the witness stated, "I don't exactly know the date," whereupon the jury was removed at appellant's request. After further interrogation in the jury's absence in which Johnson stated the appellant claimed to have shot the deceased but appeared to be a reluctant witness, the prosecutor excused him.

Then for the first time appellant objected to the "last question and * * * answer" given before the jury's retirement and requested an instruction to disregard. The objection was overruled, and no ruling obtained on the request for a jury instruction.

■ The question and answer does not, standing alone, appear to impute a confession on the part of the appellant. If it does, the record reflects that when the statement was made the appellant was not in custody. Such admission against interest was clearly admissible. See 24 Tex. Jur.2d, Evidence, Sec. 614.

Appellant cites no authority for his contention that the statement was hearsay and not admissible under any exception to the hearsay rule.

■■ Likewise, we find no merit in appellant's last contention that the court erred in admitting the testimony of L. C. Scott that he heard the deceased Phillips tell the appellant "to get the money and don't kill him." The only objection was a general one without stating any ground therefor. Such objection was too general

to inform the trial court of the basis of his complaint. Furthermore, the testimony was clearly admissible as a part of the res gestae. See 24 Tex.Jur.2d, Evidence, Sec. 602.

The judgment is affirmed.