**Daniel DOMINGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44206.**

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

Canales & Garza, by J. A. Canales, Corpus Christi, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery by assault; the punishment, ten (10) years.

Appellant's principal ground of error relates to the failure of the trial court to quash the indictment against the appellant. It is based upon the alleged discrimination against Mexican-Americans on the grand juries in Aransas County. Appellant admits in his brief that three of the twelve grand jurors who returned the indictment against him were Mexican-Americans. He also contends that only eleven persons with Spanish surnames have served upon the grand juries in Aransas County since 1949, though some have served more than once.

Strong reliance is had upon Muniz v. Beto, 434 F.2d 697 (5 Cir. 1970). The basic fact of *Muniz*, as we see it, is that there were no persons with Spanish surnames on the jury commission which selected the grand jury, and there were no

persons with Spanish surnames on the grand jury who returned the indictment against Muniz. With this beginning the Court went back for ten years and developed the fact of the composition of prior grand juries and showed a pattern of discrimination. Without the basic fact, the history would have been of doubtful value. The appellant does not claim systematic inclusion. We overrule his first ground of error. Cassell v. Texas, 339 U.S. 282, 70 S.Ct. 629, 94 L.Ed. 839 (1950); Brooks v. State, 170 Tex.Cr.R. 555, 342 S.W.2d 439 (1960); Brooks v. Beto, 366 F.2d 1 (5 Cir. 1966).

Appellant's second ground of error is that the trial court erred in failing to grant his requested charge that if the jury had a reasonable doubt as to appellant's intent to rob, they should acquit him of the offense of robbery and find him guilty of simple assault.

 . We find the charge given more favorable to appellant than the one requested because it instructed them that if they had a reasonable doubt as to his intent they should acquit appellant and find him not guilty.

His third ground of error relates to his requested Charge #2 which read:

"You are instructed that if you find from the evidence or you have a reasonable doubt thereof, that at the time of the Defendant's arrest, he had no knowledge that Terry J. Cody (injured party) was being robbed, then you will acquit him."

The Court instructed the jury as follows:

"You are further instructed that if you find from the evidence beyond a reasonable doubt that at the time and place alleged in the indictment the defendant did make an assault in and upon Terry J. Cody but you further find from the evidence, or you have a reasonable doubt thereof, that the defendant did not then and there have the intent to rob, as that term has been herein defined, then you will acquit the defendant of the offense of robbery by assault, and say by your verdict not guilty."

We have concluded that the charge given adequately protected appellant's rights.

The judgment is affirmed.