Amadeo GUERRA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 44694.

Court of Criminal Appeals of Texas.

April 12, 1972.

Jack Paul Leon, San Antonio, for appellant.

Ward P. Casey, Dist. Atty., Waxahachie, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, twenty-five (25) years.

The record reflects that appellant was indicted for murder with malice in the death of Texas Highway Patrolman Travis Locker. Appellant was 16 years old at the time of the incident.

The sufficiency of the evidence is not challenged.

We shall discuss the grounds of error advanced in oral argument before this Court first.

■ Initially, appellant contends, without citation of authority, that he was deprived of due process because the Honorable Bruce Allen, Judge of the 40th Judicial District Court, presided at the juvenile court hearing[1] at which that court waived jurisdiction and transferred appellant's case to the 40th Judicial District Court,[2] signed the order accepting the transfer of appellant's case to that court, sat at the examining trial[3] and presided at appellant's trial on the indictment.

Judge Allen was sitting as Juvenile Court Judge for Ellis County when the petition for certification was presented to him and acted as such when he signed the order waiving juvenile court jurisdiction. He was acting within his jurisdiction as District Judge when he signed the order accepting transfer of the case, held the examining trial and presided at the trial on the merits. The Statute authorized him to act in each capacity. There has been no contention that the judge was biased or prejudiced.

■ Appellant next levels a two prong attack on the indictment. First, he suggests "[T]hat the indictment on its face reflected a Term of Court for the Grand Jurors which was an impossible Term." He predicates this contention on the recitation in the indictment that it was returned by the grand jury for the December Term 1969. He contends that the indictment should have been amended. We do not agree that such was necessary. In Osborne v. State, 24 Tex.App. 398, 6 S.W. 536, the Court of Appeals said:

"It was surplusage to allege the time when the term of the court began; and this portion of the indictment might have been stricken out without invalidating the indictment."

Later this Court in Fagnani v. State, 66 Tex.Cr.R. 291, 146 S.W. 542, said:

"Appellant's motion to quash the indictment, because it incorrectly gave the term at which the grand jury was impaneled 'at the May term, A.D. 191___,' instead of 'at the May term, A.D. 1911,' was properly overruled."

Appellant's first attack upon the indictment is overruled.

■ Appellant's second attack upon the indictment is "[T]hat the indictment was returned by a Grand Jury in the County that practiced a systematic system of exclusion of members of minority races." We have searched this record in vain and failed to find any evidence to support this allegation. See Jaquez v. State, Tex.Cr. App., 473 S.W.2d 530, and Dominguez v. State, Tex.Cr.App., 472 S.W.2d 268.

■ Appellant's next ground of error is that the court erred in permitting evidence

---

1. Art. 2338–1, Sec. 6(b), Vernon's Ann. R.C.S.

2. The 40th District Court is the only District Court in Ellis County where the offense was committed.

3. Art. 2338–1, Sec. 6(j), V.A.R.C.S.

of an extraneous offense. He claims the court should not have permitted the owner of the automobile which appellant was driving at the time of the incident to testify that it had been stolen while she was attending church on the day of the murder. Appellant admitted during cross-examination that he and the others stole the automobile and were traveling at a high rate of speed when the officer stopped them shortly after they took the car. Clearly, the two offenses grew out of the same transaction and the reasoning of this Court in Ellisor v. State, 162 Tex.Cr.R. 117, 282 S.W. 2d 393, controls and authorizes the trial court's action.

The trial court submitted the issue of murder without malice, the law of self-defense and the right to resist arrest if the jury found that more force was used by the arresting officer, the deceased, than necessary.

█ Appellant objected to the submission of paragraph 6 of the court's charge in which the jury was instructed as to the elements of the crime of theft. It is his contention that this was an erroneous submission under Art. 42 Vernon's Ann.P.C. What we have said about the theft of Mrs. Nobel's automobile being a part of the same transaction under the holding in Ellisor v. State, supra, disposes of this contention. In this connection it should be remembered that appellant testified that one of the purposes he had in attacking the officer was to flee from the scene with the stolen automobile.

█ Appellant's next ground of error is that the court erred in failing to grant his motion for change of venue. At the outset we note that appellant's application is not supported by sworn affidavits from at least two credible citizens who reside in Ellis County as required by Art. 31.03, V.A.C. C.P. See Scott v. State, Tex.Cr.App., 471 S.W.2d 379, and Hinkle v. State, Tex.Cr. App., 442 S.W.2d 728.

Appellant called no witnesses at the hearing on the motion for change of venue, and, contrary to appellant's contention, we fail to find that the trial court limited the admissibility of evidence on appellant's behalf. Several newspaper accounts of the homicide and the search for the offenders were offered in evidence. We have concluded from an examination thereof, as we did in Scott v. State, Tex.Cr.App., 471 S. W.2d 379, that the publicity alone was not sufficient to establish prejudice or require the change of venue.

█ The facts are practically without dispute that the deceased, a highway patrolman, was killed during the performance of a routine duty, and the jury assessed the appellant's punishment at twenty-five (25) years. It appears that the fact that appellant's sentence was not unusually severe, in view of the gravity of the offense, is also indicative that the jury was not unduly prejudiced.

█ Appellant's fifth ground of error relates to the argument of the prosecutor, where, in attempting to rebut the defense contention that appellant acted without malice and had adequate cause to commit the offense, he said:

> "DISTRICT ATTORNEY: . . . He got up here and tried to say Guerra had adequate cause because he was scared. Wouldn't you be scared with that gun waving around? I'll bet he was scared. But under his theory of adequate cause anybody can go out and intentionally create any type of situation he wants to and in the middle of it gets scared he has got adequate cause and can't be guilty of anything but murder without malice. When talking about adequate cause they are talking about the deceased. What did the deceased do—
>
> "DEFENSE ATTORNEY: I object to that. It is an improper statement of the law and in contridiction. The Court does not relate and the law does not relate adequate cause to the deceased but the defendant."
>
> \* \* \* \* \* \*
>
> "DISTRICT ATTORNEY: Okay. You take the charge and take it back there in the jury room and see what it

**486**

says. He is right, it doesn't say one way or the other. You think about what the legislature intended and what the adequate cause—

"DEFENSE ATTORNEY: Murder with malice is the mind of the defendant and he is improperly arguing the law. And he is asking the jury to think then about something else about the legislature and he is improperly arguing the law this Court has charged to the jury."

Both objections to this argument were sustained by the trial court and the jury was instructed to disregard. An instruction to disregard will cure error

" . . . except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds . . . " Mays v. State, Tex.Cr. App., 434 S.W.2d 140, 141.

The trial court properly denied appellant's motion for mistrial.

Appellant's last ground of error concerns the charge but is not properly before this Court under Sec. 9 of Art. 40.09, V.A.C.C. P., Sierra v. State, Tex.Cr.App., 476 S.W. 2d 285; Bell v. State, Tex.Cr.App., 442 S. W.2d 716.

Finding no reversible error, the judgment is affirmed.

ONION, Presiding Judge (concurring).

I concur in the result reached, but would point out that it would be far better and safer practice for a district judge to avoid sitting both as the juvenile judge who waives jurisdiction and certifies a juvenile for transfer to the district court to be handled as an adult and also as the district judge who conducts the examining trial at the second stage of the discretionary transfer.

I agree that the statute (Art. 2338–1, § 4, Vernon's Ann.Civ.St.) would authorize the district judge to sit as judge of the juvenile court, but the policy and spirit of Art. 2338–1, § 6, Vernon's Ann.Civ.St.,

would be better served if the proceedings, first in the juvenile court and next in the district court, were conducted before different judges.

I am not unmindful that in counties having one district court this may present problems especially where the county judge, who could also sit as juvenile judge, may not be a lawyer. It would not seem to be too difficult, however, to obtain an assignment by an administrative order of another district judge to sit as juvenile judge in the first instance or to conduct the second stage proceedings in the transfer.

In the instant case, appellant complains that the same judge sat as juvenile judge, as district judge, and appointed the grand jury commissioners who selected the grand jury panel from whom the judge chose the grand jury, and that grand jury passed on the third stage of discretionary transfer. He also served as trial judge.

I concur since the appellant made no objection to the procedure utilized and raises the question for the first time on appeal.