484 S.W.2d 721 (1972)
James Ike WASHINGTON, Appellant,
v.
The STATE of Texas, Appellee.
No. 45034.
Court of Criminal Appeals of Texas.
May 31, 1972.
Rehearing Denied October 11, 1972.
*722 William N. Hamilton (Court appointed on appeal), Robert H. Frost (on appeal), Dallas, for appellant.
Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

*723 OPINION
MORRISON, Judge.
The offense is murder; the punishment, life.
The record reflects that the deceased died as the result of a gunshot wound. The appellant testified that he shot the deceased accidentally.
Appellant's first four grounds of error relate to the admission of the following testimony by Officer Paul Wimer concerning his conversation with the appellant at the scene of his arrest approximately one half hour after the homicide.
"Q What did you say to him?
"A I asked him where the pistol was.
"Q And what, if anything, did he say right back to you?
"A Saidhe said, `I threw it away.'"
* * * * * *
"Q What did you say?
"A I asked him why he killed her. Said, `Why did you kill her?'
"Q What did he say right back?
"A `I don't know.'"
Appellant contends these remarks were in admissible and obtained in violation of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; Art. 38.21, Vernon's Ann.C.C.P., and Art. 38.22, V.A.C.C.P. The State claims the statements are "res gestae" of the crime and the arrest. However, we need not determine the validity of these contentions.
In Ivory v. State, Tex.Cr.App., 430 S.W.2d 498, we cited Cook v. State, Tex.Cr. App., 409 S.W.2d 857, wherein we said:
"It is a general rule that an accused cannot complain of the admission of testimony when he later testified on direct examination to substantially the same facts."
The record reflects that the appellant testified to substantially the same facts contained in his remarks to the officer, to-wit, that he threw the gun away and that he shot his wife.
Appellant's fifth ground of error is that the evidence is insufficient to support the verdict. Appellant admitted shooting the deceased but claimed he did so accidentally from a distance of three to five feet after she pushed him while he was firing the gun out the door. The State introduced evidence which indicated that the couple had been quarreling and that the deceased was shot at close range. The jury is the judge of the credibility of the witnesses and the weight to be given their testimony and, as in the case at bar, where there is sufficient evidence to support the conviction, their judgment is conclusive. Northcutt v. State, Tex.Cr.App., 478 S.W.2d 935 (No. 44,639, March 8, 1972); Cain v. State, Tex.Cr.App., 467 S.W.2d 436; Murry v. State, Tex.Cr.App., 413 S.W.2d 117; Robertson v. State, Tex.Cr. App., 418 S.W.2d 678.
Appellant's sixth ground of error claims that the court erred in failing to grant his motion for mistrial after the District Attorney referred to the appellant as the "grim reaper" during the voir dire examination of the jury panel. While questioning the panel, the prosecutor asked them to speak out if they "... would be prejudiced against the State, unduly prejudiced for the accused and blinded as to the rights of people like Jo Ann Washington, who are supposedly protected by laws against having their life taken by anyone other than the grim reaper.... Nobody appointed him to be the grim reaper." Appellant's objection was sustained. We note appellant did not request an instruction to the jury to disregard the remarks which we conclude would have been sufficient to remove the error, if any. Hunter v. State, 468 S.W.2d 96. Guerra v. State, Tex.Cr.App., 478 S.W.2d 483.
*724 Appellant's seventh ground of error complains of several portions of the voir dire examination of the jury panel at the commencement of the trial and argu the case. This ground of error is multifarious and, therefore, not in compliance with Article 40.09, Sec. 9, V.A.C.C.P. Sierra v. State, Tex.Cr.App., 476 S.W.2d 285. However, even if appellant's contentions were properly before the court they would not reflect reversible error. The record reflects that the appellant's objections to the prosecutor's statements were sustained and that he did not request an instruction to the jury to disregard them. It is well established that in order to properly preserve a point for review the appellant must pursue the matter until he receives an adverse ruling. Burks v. State, 432 S.W.2d 925, and the cases cited therein.
The eighth and ninth grounds of error relate to a portion of the voir dire examination of the jury panel in which the prosecutor referred to growing community disrespect for the police and asked the panel if they would be prejudiced against such witnesses because they were "Fuzz" or "Pigs." Appellant's objection to the remarks was sustained but no instruction to the jury requested. Further, we are unable to perceive any advantage to the State or an injury to the appellant and conclude no reversible error has been shown.
Appellant's tenth, eleventh and twelfth grounds of error involve the testimony of the deceased's mother. His tenth and eleventh contentions relate to the introduction of purported hearsay testimony concerning the way the appellant treated his wife, the deceased. In the first instance, appellant's objection was sustained and the jury was promptly instructed to disregard the remark thereby curing any error, if it existed. Guerra v. State, Tex. Cr.App., 478 S.W.2d 483; Mays v. State, 434 S.W.2d 140. In the second instance, appellant's objection was sustained but no instruction to the jury was requested. Any error could have been cured by such an instruction but the appellant chose not to pursue that remedy. Hunter v. State, supra.
The twelfth ground of error involves a conversation the witness had with the appellant in which she cautioned him not to beat the deceased during her pregnancy. The appellant objected to testimony concerning the conversation in which the statement was made "unless they can show the materiality of the thing". The objection was properly overruled. The question related to the prior relationship between the parties and if not admissible otherwise would have been proper under Article 1257a, Vernon's Ann.P.C.
The thirteenth and fourteenth grounds of error complain of the cumulative effect of various portions of the voir dire testimony at the trial and arguments at the guilt and punishment stages of the trial and are, therefore, multifarious and not in compliance with Article 40.09, Sec. 9, V.A.C.C.P., Sierra v. State, supra.
In a supplemental brief filed in this Court appellant's court appointed counsel on appeal questions the competency of appellant's retained counsel on trial. We have reviewed the record in its entirety and conclude that appellant's trial counsel participated fully at all stages of the trial and that his representation was adequate.
Finding no reversible error, the judgment is affirmed.