Eugene GARCIA, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 48777.

Court of Criminal Appeals of Texas.

July 24, 1974.

Rehearing Denied Sept. 18, 1974.

F. B. Godinez, Jr., Lubbock, for appellant.

Joe Smith, Dist. Atty., Seminole, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for murder with malice. A jury having found appellant to be guilty of this offense, it then assessed his punishment at life imprisonment.

The sufficiency of the evidence is not challenged. Suffice it to say the record reflects that appellant shot and killed Linda Delgado, his ex-wife, on the night of June 3, 1972.

In the first of his two grounds of error, appellant contends that the trial court abused its discretion in denying his motion for a change of venue. On March 7, 1973, a hearing was held on appellant's "Application for Change of Venue" based upon the claim that there existed in the county so great a prejudice against him he could not obtain a fair and impartial trial because of widespread publicity concerning the case. This *motion* (the term used by the Code of Criminal Procedure) was supported by the affidavits of Jesse and Janie Moreno so as to comply with the requirements of Article 31.03, Vernon's Ann.C.C.P., that such motion be accompanied by the affidavits of two credible residents of the county. See also: Ward v. State, 505 S.W.2d 832 (Tex.Cr.App.1974); Scott v. State, 471 S.W.2d 379 (Tex.Cr.App.1971); Hinkle v. State, 442 S.W.2d 728 (Tex.Cr.App.1969). A controverting plea supported by two affidavits was filed by the State, thus taking this case out of the rule of Wall v. State, 417 S.W.2d 59 (Tex.Cr.App.1967), which requires a motion for change of venue to be granted when the State does not file a controverting plea or present evidence.

At the hearing Jesse Moreno testified to hearing "rumors" that appellant could not receive a fair trial in Dawson County, but admitted that, contrary to the recitations in his affidavit, he had not read it before signing. Janie Moreno, who signed the affidavit by means of a mark, was not called to testify, evidently because she spoke no English and an interpreter was unavailable. Appellant also called Thomas E. Conner, the owner of a local radio station, who read transcripts of several news broadcasts about the investigation of the death of the murder victim which culminated in the indictment of the appellant. These radio broadcasts occurred between June and September of 1972. Stephen A. Henry, news editor of the *Lamesa Press-Reporter,* testified about several news stories that appeared in his paper and in the *Lubbock Avalanche-Journal.*

Having examined the contents of both the radio broadcasts and the newspaper accounts, we conclude that they appear to be fair, non-inflammatory, and designed for the purpose of informing the public of current events. The fact of publicity in the news media does not by itself establish prejudice or require a change of venue. Creel v. State, 493 S.W.2d 814 (Tex.Cr.App.1973); Scott v. State, 471 S.W.2d 379 (Tex.Cr.App.1971); Wallace v. State, 458 S.W.2d 67 (Tex.Cr.App.1970); Ward v. State, 427 S.W.2d 876 (Tex.Cr.App.1968); Taylor v. State, 420 S.W.2d 601 (Tex.Cr.App.1967). We cannot conclude that appellant sustained his burden of proof as to the allegations in his motion for change of venue. See Ward v. State, supra. Certainly the record does not reveal the "Roman holiday" atmosphere of Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); the intensive news coverage concerning the guilt of the person

accused of the crime as in Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); or the racial overtones and refusal to hear evidence on the question of changing venue present in Mason v. Pamplin, 232 F.Supp. 539 (W.D.Tex.1964), aff'd 364 F.2d 1 (5th Cir. 1966). Therefore, these cases relied upon by appellant are not determinative of the issue. The trial court did not err in overruling the motion for change of venue.

■ We further observe that at the conclusion of the hearing and after the trial court overruled the motion for change of venue the court noted that it was "a continuing motion" and reserved the right to rule on it again after the voir dire of the jury panel. Appellant did not reurge his motion at the conclusion of the voir dire. The record does not indicate that, after the exercise of peremptory challenges, appellant was compelled to accept any juror that he had challenged for cause for any reason. See Clifford v. State, 424 S.W.2d 233 (Tex.Cr.App.1968). These facts coupled with our reading of the jury panel's responses to the questions propounded during voir dire lead us to the conclusion that appellant's jury was not prejudiced against him by news coverage of the murder.[1]

■ Appellant's second ground of error complains of the trial court's refusal to allow him to testify at the punishment hearing in order to "go behind or to explain away certain prior convictions." The record reflects the State and the appellant stipulated that he had previously been convicted of two felony offenses: a final conviction for murder without malice and finding of guilty of assault with intent to murder.[2]

Prior to the entering into this stipulation by the appellant and the State, the court refused to allow appellant to testify to "explain away" these convictions. Nowhere does the record contain an objection by appellant to this ruling or an attempt to perfect a bill of exception or proffer evidence.

Recently, we were confronted with a very similar proposition in Davison v. State, 510 S.W.2d 316 (delivered June 12, 1974). As in Davison, we are unable to evaluate appellant's contention since he did not perfect his bill of exception or proffer proof in accordance with Article 40.09, Section 6(d)(1), Vernon's Ann.C.C.P.[3], to show what his testimony would have been if he had been permitted to testify as to the specific matters in question. Nothing is therefore presented for review. Lyons v. State, 503 S.W.2d 254 (Tex.Cr.App. 1973). See also Coronado v. State, 508 S. W.2d 373 (Tex.Cr.App.1974); Duran v. State, 505 S.W.2d 863 (Tex.Cr.App.1974); Ashford v. State, 502 S.W.2d 27 (Tex.Cr. App.1973).

For the reasons stated, the judgment is affirmed.

---

1. We note that appellant was apparently satisfied enough with the jury to allow it to assess his punishment.

2. Appellant apparently received probation for the assault with intent to murder conviction. However, the parties were unable to agree whether this probation had been revoked.

3. In Marrero v. State, 500 S.W.2d 818 (Tex. Cr.App.1973), the trial court improperly refused to hear evidence in mitigation of punishment and refused to allow the defendant to perfect his bill of exception. The error was preserved by the tender of proof by defense in accordance with Article 40.09, Section 6(d)(1), Vernon's Ann.C.C.P.