**Arnulfo SOLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–81–164–CR.**

Court of Appeals of Texas,
Waco.

March 18, 1982.

Gregory K. Zaney, Miller & Zaney, San Antonio, for appellant.

Robert W. Gage, County Atty., Fairfield, for appellee.

## OPINION

McDONALD, Chief Justice.

Defendant appeals from a judgment of conviction for the offense of "Possession of Marihuana—over 4 ounces", which fixed his punishment at not less than 2 nor more than 8 years confinement in the Texas Department of Corrections, and a fine of $3000.

Trooper Jones of the Texas Department of Public Safety stopped defendant in Freestone County for speeding and "cutting in after passing". Trooper Jones walked up to the driver's side of the vehicle and asked defendant for his driver's license, and detected the odor of unburned marihuana coming from the open driver's window. Defendant exited the vehicle and walked with Jones to the rear of the vehicle. Jones then stuck his head in the vehicle and again smelled unburned marihuana. He searched the interior of the vehicle but found no marihuana, but did notice that the odor of marihuana was stronger from the back seat area. Trooper Jones then asked defendant what he had in the trunk. Defendant opened the trunk and said "just my bag". Jones then saw 2 suit cases in the trunk, one being Exhibit 1; and smelled very strong odor of unburned marihuana coming from the trunk. Jones closed the trunk, read defendant his *Miranda* rights and took defendant and his vehicle to the Freestone County Sheriff's office to obtain a search warrant. While the search warrant was being prepared, defendant gave written consent to search. After the consent to search was secured Jones went to the vehicle, opened the trunk and discovered 33 pounds, 2.3 ounces of marihuana which was introduced in evidence.

Defendant's sole ground of error asserts the trial court committed reversible error when it refused to have an independent limited hearing on the issue of "voluntariness" and admitted into evidence a consent to search document over appellant's objection that the signing of the document was not voluntary and in violation of defendant's Fourth and Fourteenth Amendment rights of the United States Constitution.

The State tendered in evidence the consent to search defendant's vehicle. Counsel for defendant objected to introduction of the document "until I have the issue of voluntariness, whether he voluntarily signed away his rights, I object to that". Counsel for defendant then stated "I would ask the court to wait until I can put on testimony for you to admit that document. I am not going to be able, obviously, to get all the information I need to put [defendant] on the stand to attack the document. At this point I am not going to be able to attack it without his version of that document; that is my problem".

The trial court overruled defendant's objection.

The defendant had filed a pretrial motion to suppress the document but when asked prior to trial on the merits if he had anything to present said "No", and trial on the merits commenced.

Defendant may either file a pretrial motion to suppress evidence, (as he did here) or he may wait until the trial on the merits and object (as he did here) when the alleged unlawfully obtained evidence is offered. *Roberts v. State*, Tex.Cr.App., 545 S.W.2d 157.

But if he waives his right to present evidence on the pretrial motion to suppress, (as defendant did here), and waits until trial on the merits to object to introduction of the allegedly unlawfully obtained evidence, and the trial court overrules such objection, defendant must by bill of exception offer proof of what defendant's testimony would have been had he testified. When defendant fails to do this, as here, nothing is presented for review. Article 40.09 Section 6(d)(1) Code of Criminal Procedure; *Lyons v. State*, Tex.Cr.App., 503 S.W.2d 254; *Alexander v. State*, Tex.Cr.App., 476 S.W.2d 10; *Hicks v. State*, Tex.Cr.App., 482 S.W.2d 186; *Garcia v. State*, Tex.Cr.App., 513 S.W.2d 82.

Defendant's ground of error is overruled.

AFFIRMED.